IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE<br><br>NATALIE TAO<br><br>   DEBTOR<br><br><br>LAKESIDE NATIONAL, LLC<br>   MOVANT<br><br>VS.<br><br>NATALIE TAO<br>ROBERT S. THOMAS, II, TRUSTEE<br><br>   RESPONDENT(S) | BANKRUPTCY NO.  19-18681<br><br><br><br><br><br><br><br>CHAPTER 13 |

**MOTION FOR RELIEF FROM STAY AS TO PROPERTY KNOWN AS<br>873-875 N. HOWARD STREET, BALTIMORE, MARYLAND 21201**

Lakeside National, LLC, a Maryland Limited Liability Company, (hereinafter "Lakeside National,") by Gerard F. Miles, Jr., and Huesman, Jones and Miles, LLC, its attorneys pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §362, and Bankruptcy Rules 4001 and 9014, moves for an Order for Relief From Stay in the captioned case in order that Lakeside National can conclude a foreclosure action to foreclose Quality Care Daycare at BUP, LLP's ("Quality Care") interest in real property known as 873-875 N. Howard Street, Baltimore, MD 21201 and for cause states:

1.     The real property known as 873-875 N. Howard Street, Baltimore, MD 21201 (hereinafter "Property") is titled to Quality Care Daycare at BUP, LLP.  The Debtor, Natalie Tao, was a general partner of Quality Care.

2.  Lakeside National lent Quality Care $285,000.00 for the purchase of the Property, secured by a mortgage dated April 27, 2006 and recorded on November 17, 20016 amongst the Land Records of Baltimore City in Liber 8624, Folio 162-168. This mortgage provides a detailed description of the property. *See* mortgage attached as **Exhibit 1.**

3.  Quality Care became a certified Limited Liability Partnership in the State of Maryland on May 8, 2002. Natalie Tao (nee Morgan) and Michelle Scott were the general partners. *See* Certificate of Limited Liability Partnership attached as **Exhibit 2.**

4.  On March 21, 2013, Quality Care's Limited Liability Partnership status was cancelled upon by the voluntary withdrawal of Natalie Tao, the general partner, as prescribed under Md. Code Ann. Corporations and Associations § 9A-1001(e). *See* Certificate of Cancellation attached as **Exhibit 3.** The Property remained solely titled in the name of Quality Care.

5.  Under Md. Code Ann. Corporations and Associations § 9A-1016, the withdrawal of a limited liability partnership, and therefore the forfeiture of the right to do business in Maryland as a limited liability partnership does not:

> "**(1)** Impair the validity of a contract or act of the limited liability partnership entered into or done either before or after the forfeiture, or prevent the limited liability partnership from defending any action, suit, or proceeding in a court of this State; and
> **(2)** Cause a partner of a limited liability partnership to have personal liability for any debts, obligations, or liabilities of or chargeable to the partnership or another partner, except to the extent otherwise provided under § 9A-306 of this title."

6.  The Property has never been deeded by Quality Care to another individual or entity. Because the Property is still owned by Quality Care, and because the Debtor is not liable under Md. Code Ann. Corporations and Associations §9A-306, Quality Care remains primarily liable for the debt owed on the property.

7.  On March 23, 2019, Lakeside National filed a foreclosure action identified by Case No. 24O19000536 against the Property in the Circuit Court for Baltimore City, Maryland ("Foreclosure Case.")

8.  A sale was scheduled for June 27, 2019 at 11:00 AM. That sale was cancelled upon the filing of Chapter 13 Bankruptcy, commencing the above-captioned case.

9.  The Debtor listed the Property as among her assets on her Chapter 13 Bankruptcy Petition. However, as stated above, Quality Care is still the valid owner of the Property. It is Movant's position that this property is not part of the Bankruptcy Estate, as it is owned by LLP which has not filed bankruptcy. This is not the position of Debtor's Counsel. In an abundance of caution the sale was cancelled to allow this motion to be filed.

10. Quality Care has failed to make payments due under the Mortgage; therefore the Mortgage is in default.

11. As of the petition date, the amount owed Quality Care pursuant to the Mortgage included the following. Debtor is not responsible for this amount:

| | |
|---|---|
| Principal- | $270,853.08 |
| Interest- | $228,690.12 |
| Late Charges- | $24,433.75 |
| Attorney's Fees and Costs- | $3,146.57 |
| Total: | $527,123.52 |

Interest accrues at a rate of $3,363.09 per month, and late fees accrue at a rate of $336.10 per month.

12. Quality Care has made no post-petition payments. Thus, no post-petition pay history is being attached.

13. Lakeside National does not believe that the automatic stay applies to the Property because it is owned by Quality Care and not the Debtor.

14. Although the Debtor signed the Mortgage as personal guarantor, the co-debtor stay does not apply because the debt evidenced by the Mortgage is not consumer debt. *See* 11 U.S.C. §1301(a).

15. Lakeside National is requesting that this court enter an order declaring that the stay is not in effect so that it may proceed with a foreclosure action. Alternatively, Movant is requesting an Order lifting the stay.

16. Under 11 U.S.C. §362 (d)(1), the court shall provide relief from the automatic stay "for cause, including the lack of adequate protection of an interest in the property."

17. Lakeside National is not adequately protected as payments are not being made.

18. Additionally, there is no equity in the property.

19. The property is not necessary for an effective reorganization of the bankruptcy estate, as the property has no equity and is not owned by the Debtor.

20. All of the foregoing constitutes cause to grant Lakeside National relief from the automatic stay to allow Lakeside National to exercise its right to foreclose against the property.

WHEREFORE, Lakeside National prays the following relief:

A. That this Honorable Court enter an Order granting Relief from Stay in the captioned case by recognizing that the property known as 873-875 N. Howard Street, Baltimore, Maryland 21201 is not owned by the Debtor and not covered by the stay, AND

B. Allowing it to proceed with foreclosure of the property known as 873-875., Baltimore, Maryland 21201; AND

B. For such other and further relief as Lakeside National may require.

Respectfully Submitted,
Huesman, Jones and Miles, LLC


By: /s/ Gerard F. Miles, Jr.___
    Gerard F. Miles, Jr.
    Federal Bar No. 28199
    Executive Plaza III, Suite 905
    11350 McCormick Road
    Hunt Valley, Maryland 21031
    (443) 541-8507
    Buddy@lawhjm.com
    Attorney for Petitioner *Lakeside National, LLC*