IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | | Case No. 19-18681 DER |
| **NATALIE TAO,** | * | |
| | | (Chapter 13) |
| Debtor. | * | |

\* \* \* \* \* \* \*

| | |
|---|---|
| **FNA DZ, LLC FBO WSFS** | * |
| c/o James F. Truitt, Jr., P.A. | |
| 20 East Timonium Road, Ste. 101 | * |
| Timonium, Maryland 21093, | |
| | * |
| Movant, | |
| | * |
| vs. | |
| | * |
| **NATALIE TAO** | |
| 877 N. Howard Street | * |
| Baltimore, Maryland 21201, | |
| | * |
| Respondents. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION SEEKING RELIEF FROM AUTOMATIC STAY
TO RESUME TAX LIEN FORECLOSURE PROCEEDING
(873-875 N. Howard Street, Baltimore, Maryland 21201)**

FNA DZ, LLC FBO WSFS (the "Movant"), pursuant to 11 U.S.C. § 362(d), files this motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) so that it may resume a tax lien foreclosure proceeding against a property that the debtor herein has erroneously included as an asset of his estate (the "Motion"). In support of the Motion, Movant states as follows:

1

**Background**

1. Natalie Tao (the "Debtor") commenced the above-captioned bankruptcy case (the "Bankruptcy Case") by filing a petition under chapter 13 of the Bankruptcy Code on June 26, 2019 (the "Petition Date").

2. Prior to the Petition Date, Debtor was a partner in a Maryland limited liability partnership, Quality Care Daycare at BUP, LLP ("Quality Care"). (Doc. No. 1, p. 13)

3. On April 27, 2006, Quality Care purchased, and is still the record owner of, that real property commonly known as 873-875 N. Howard Street, Baltimore, Maryland 21201 (the "Property"). A true and correct copy of a deed evidencing Quality Care's ownership interest in the Property is attached hereto as *Exhibit A*, and is incorporated herein by reference.

4. On March 31, 2013, Quality Care voluntarily withdrew its registration as a limited liability partnership by filing a withdrawal notice with the Maryland Statement Department of Assessments and Taxation (the "Notice of Withdrawal"). A true and correct copy of the Notice of Withdrawal is attached hereto as *Exhibit B*, and is incorporated herein by reference.

5. After the filing of the Notice of Withdrawal, Quality Care either continued as an unincorporated partnership or began to wind up its business affairs. Regardless, according to Debtor's Schedule B, Quality Care eventually dissolved. (Doc. No. 1, p. 13)

A.   *Debtor Erroneously Included the Property as Asset of the Estate*

6. Debtor erroneously included the Property on his Schedule A, stating that the "[t]itled owner QUALITY CARE DAYCARE AT BUP, LLP, has been dissolved, therefore, ownership reverts to the LLP's sole member, the Debtor." (Doc. No. 1, p. 13)

2

7. Debtor's assertion that the ownership of the Property reverted to him upon dissolution of Quality Care is incorrect. After a partnership is dissolved, its business must be wound up. Md. Code Ann., Corps. & Ass'ns ("CA") § 9A-801. "[A] partnership continues after dissolution only for the purpose of winding up its business. The partnership is terminated when the winding up of its business is completed." *Id*. § 9A-802(a). "In winding up a partnership's business, the assets of the partnership . . . must be applied to discharge its obligations to creditors . . . ." *Id*. § 9A-807(a). Until the winding up of a partnership has been completed and, consequently, terminated, "[p]artnership property is property of the partnership and not of the partners individually." CA § 9A-203

8. Applying these principles to the instant case, the winding up of Quality Care's business has not been completed and the partnership has not been terminated. Indeed, Quality Care still has creditors – *e.g*., Lakeside National, LLC - who obligations have not been discharged as is evidenced by Lakeside National, LLC's motion seeking relief from the automatic stay as to the Property. (Doc Nos. 11, 15). As such, the Property is still owned by Quality Care and not Debtor.

B. *Movant's Tax Lien Foreclosure Proceeding*

9. Movant is the holder of a Certificate of Tax Sale made by the Director of Finance of the City of Baltimore concerning the Property (the "Certificate"). A true and correct copy of the Certificate is attached hereto as **Exhibit C**, and is incorporated herein by reference.

10. Prior to the Petition Date, on April 5, 2019, Movant filed a Complaint to Foreclose Rights of Redemption against the Quality Care, thereby commencing that tax lien foreclosure proceeding against the Property in the Circuit Court of Maryland for Baltimore City (the "Circuit

3

Court") styled *FNA DZ, LLC FBO WSFS v. Quality Care Daycare at BUP, LLC, et al.*, Case No. 24-C-19-002191 (the "Tax Lien Foreclosure Proceeding").

11. Upon commencing the Bankruptcy Case, Debtor filed a Suggestion of Bankruptcy in the Tax Lien Foreclosure Proceeding. Consequently, the Circuit Court has stayed all matters in the Tax Lien Foreclosure Proceeding.

## Argument

12. Sufficient cause exists warranting relief from the automatic stay so as to allow Movant to resume the Tax Lien Foreclosure Proceeding. As shown and discussed above, the Property is owned by Quality Care and not Debtor. "The automatic stay provisions of 11 U.S.C. § 362 . . . do not apply to acts against property which is neither the debtor's nor the estate's." *U.S. (EPA) v. Envtl. Waste Control, Inc.*, 131 B.R. 410, 420 (N.D. Ind. 1991), *aff'd sub nom. Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320 (7th Cir. 1992) (citing to *In re Petruccelli,* 113 B.R. 5 (Bankr.S.D.Cal.1990); *Matter of Precision Colors, Inc.,* 36 B.R. 429 (Bankr.Ohio 1984)).

**WHEREFORE**, Movant respectfully requests this Court to enter an Order:

(A)     Terminating the automatic stay imposed by 11 U.S.C. §362(a) so as to allow Movant to resume the Tax Lien Foreclosure Proceeding; and

(B)     Granting such other and further relief as equity and justice may require.

    /s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
The Law Offices of Craig B. Leavers, LLC
P.O. Box 306
Cockeysville, Maryland 21030
(443) 318-4526

Craig@LeaversLaw.com

*Counsel for Movant,*
  *FNA DZ, LLC FBO WSFS*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this 31st day of October, 2019, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Natalie Tao
877 N. Howard Street
Baltimore, Maryland 21201
*(Debtor)*

Jeffrey M. Sirody, Esq.
1777 Reisterstown Road, Ste 360E
Baltimore, Maryland 21208
*(Attorney for Debtor)*

Robert S. Thomas, II
300 E. Joppa Road, Ste 409
Towson, Maryland 21286
*(Chapter 13 Trustee)*

/s/  Craig B. Leavers
Craig B. Leavers